IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| SHANNON D. TULEY, # 2056303, | § | |
| Petitioner, | § | |
| | § | |
| v. | § | Civil No. 3:17-CV-0650-B-BK |
| | § | |
| BRYAN COLLIER, | § | |
| TDCJ Director, | § | |
| Respondent. | § | |

### FINDINGS, CONCLUSIONS AND RECOMMENDATION
### OF THE UNITED STATES MAGISTRATE JUDGE

Pursuant to 28 U.S.C. § 636(b) and *Special Order* 3, the *pro se* federal petition for writ of

habeas corpus under 28 U.S.C. § 2254 was referred to the United States Magistrate Judge.  Upon

review of the relevant pleadings and law, and for the reasons that follow, the petition should be

dismissed for failure to exhaust state court remedies.

### I.  BACKGROUND

In 2013, Petitioner was convicted of possessing a controlled substance in a drug-free zone

and sentenced to seven years' imprisonment.  *See State v. Tuley*, No. C34658 (Navarro Cnty.,

Tex. June 13, 2013); Doc. 5 at 2.  She now challenges the drug free zone enhancement in her

case.  Doc. 5 at 6.  However, Petitioner admits she neither appealed nor sought state habeas relief

prior to filing this action.  Doc. 5 at 3-4. [1]

---

[1] The Texas Department of Criminal Justice online *Offender Information Details* reflects
Petitioner was convicted in 2013, not 2016 as alleged in the federal petition.  *See*
https://offender.tdcj.texas.gov/OffenderSearch/offenderDetail.action?sid=04509488
(last visited March 23, 2017).   In 2016, Petitioner was convicted in Dallas County Case No.
F15-24588, of a second drug offense for which she was sentenced to five years' imprisonment.
*Id.*  Petitioner does not challenge the latter conviction in this action.

## II. ANALYSIS

A state prisoner must exhaust all available state-court remedies before a federal court will consider the merits of her habeas claims.  *See* 28 U.S.C. § 2254(b) and (c); *Rhines v. Weber*, 544 U.S. 269, 274 (2005).  The exhaustion requirement is designed to "protect the state court's role in the enforcement of federal law and prevent the disruption of state judicial proceedings."  *Rose v. Lundy*, 455 U.S. 509, 518 (1982).  Exhaustion of state-court remedies "is satisfied when the substance of the federal habeas claim has been fairly presented to the highest state court."  *Morris v. Dretke*, 379 F.3d 199, 204 (5th Cir. 2004) (quoting *Mercadel v. Cain,* 179 F.3d 271, 275 (5th Cir. 1999)).  A Texas prisoner may satisfy that requirement by presenting both the factual and legal substance of her claims to the Texas Court of Criminal Appeals in a petition for discretionary review or in an application for a state writ of habeas corpus under Article 11.07 of the Texas Code of Criminal Procedure.  *Whitehead v. Johnson*, 157 F.3d 384, 387 (5th Cir. 1998).

Petitioner has not satisfied the exhaustion requirement.  A review of her petition and a search of the state courts' docket sheets (available online) confirms that she filed neither a direct appeal nor a state habeas application challenging her conviction.[2]  Doc. 5 at 3-4.  Therefore, the Texas Court of Criminal Appeals has not had an opportunity to consider Petitioner's claims and, consequently, they remain unexhausted.

---

[2] Texas Court of Criminal Appeals' docket sheets are available at http://www.search.txcourts.gov/CaseSearch.aspx?coa=coscca&s=c (last visited Mar. 23, 2017).

### III. RECOMMENDATION

For the foregoing reasons, it is recommended that the petition for writ of habeas corpus

be **DISMISSED WITHOUT PREJUDICE** for failure to exhaust state court remedies.  *See* 28

U.S.C. § 2254 (b) and (c).[3]

**SIGNED** March 28, 2017.

RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE


### INSTRUCTIONS FOR SERVICE AND
### NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation will be served on all parties in the manner
provided by law.  Any party who objects to any part of this report and recommendation must file
specific written objections within 14 days after being served with a copy.  *See* 28 U.S.C. §
636(b)(1); FED. R. CIV. P. 72(b).  In order to be specific, an objection must identify the specific
finding or recommendation to which objection is made, state the basis for the objection, and
specify the place in the magistrate judge's report and recommendation where the disputed
determination is found.  An objection that merely incorporates by reference or refers to the
briefing before the magistrate judge is not specific.  Failure to file specific written objections will
bar the aggrieved party from appealing the factual findings and legal conclusions of the
magistrate judge that are accepted or adopted by the district court, except upon grounds of plain
error.  *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

---

[3] Petitioner is cautioned that the 1996 amendments to the habeas corpus statute impose a one-
year statute of limitations for filing habeas corpus petitions in federal court, *see* 28 U.S.C. §
2254(d), and that this provision is applicable to this petition as well as to any other petition that
she may file in this court.